McFall v. Walker.

*B. W. Gray*, for the appellants.

ROBERTS, J.—A material fact to establish the vendor's lien was not proved in this case. The evidence does not show that the note sued on was given in consideration of the land described in the plaintiff's petition. The note upon its face shows that it was given for land, but no particular tract of land is identified. No bond or deed was exhibited in evidence. Had this been done, the corresponding dates, or the recitals contained in the bond or deed, might have furnished evidence sufficient to connect the note with the purchase of the particular land described in the petition. Upon this point the verdict lacks evidence to sustain it, and therefore the motion for a new trial should have been sustained.

The view taken of this point renders it unnecessary to consider the other assignment of error in relation to the admissibility of verbal testimony to establish a sale of land.

Judgment reversed and cause remanded.

Reversed and remanded.

## J. L. McFALL AND ANOTHER v. R. W. WALKER.

The reservation in a warranty of soundness of a slave, " excepting an *injury* that she received in and about the private parts in consequence of abortion," does not justify the court in the charge to undertake to decide as a matter of legal interpretation of the instrument, that the term *injury* was used therein in the same sense of *disease*. It ought to be left to the jury to decide, uninfluenced by such a charge, whether the disease of which the slave died existed at the time of the sale, and whether it was caused by, or consequent upon, the injury excepted out of the warranty in the bill of sale.

ERROR from Cass. Tried below before the Hon. W. S. Todd. This was a suit brought by the plaintiffs in error against the defendant in error, for the sum of three thousand dollars, the same

McFall v. Walker.

being claimed therein as the purchase money paid by them for a negro woman bought by them of the defendant, and as damages resulting from the alleged fraudulent representations of the defendant made to them in the contract of sale, and the breach of warranty contained in the bill of sale to them, executed by the defendant.

The petition alleged that at the time of the sale of the girl Lucy, the defendant represented to the plaintiffs that she was in general good health, and perfectly sound in body and mind, except that she would not bear children; and excepting, also, an injury which she had received in and about the private parts in consequence of an abortion. Plaintiffs alleged that, relying on said representations and the warranty hereinafter set forth in writing, plaintiffs purchased and paid for said slave, at the price of nine hundred dollars, on the 16th day of January, 1857. Plaintiffs alleged that at that time, and for a long time previously, said slave had been afflicted with a great variety of diseases, to wit: consumption, bronchitis, chills and fever, fits, a disease of the womb, and other permanent diseases unknown to them, rendering her of no value, and of great expense and care to them; that the condition of the slave was known to the defendant, but not to the plaintiffs at the time of sale; that, within a reasonable time after the discovery of her diseased condition, they offered to defendant to return her, and to cancel the sale, but defendant refused; and that from the diseases aforesaid, on —— day of July, 1857, she died. The bill of sale referred to as an exhibit, in the petition, is as follows: "Rec'd of J. L. McFall & Co., nine hundred dollars in full for a slave named Lucy, of yellow complexion, about twenty-two years old. I warrant her to be a slave for life, and bind myself, my heirs, and executors, to defend the title of said slave to J. McFall & Co. I also guarantee said slave to be sound in mind and body, excepting an injury that she received in and about the private parts in consequence of an abortion.

"R. W. WALKER."

The defendant answered by a general denial, and a plea setting up the special reservation in the warranty of soundness.

Upon the trial a mass of testimony of medical and other wit-

McFall  v.  Walker.

nesses was introduced, concerning the condition of the slave, and the nature of the disease or diseases which may have produced her death, from a period of time anterior to the sale to her last sickness; also, the testimony of medical gentlemen who made a *post mortem* examination of the body. The testimony tended, from the conflicting facts and opinions expressed, to various and opposite conclusions as to what may have been the real condition of the girl's health at the time of sale, and as to the causes which led to her death, conducing to the support of either side of the issue between the parties.

The court charged the jury as follows: "This is a suit on a breach of warranty in the sale of a negro woman. The bill of sale which contains the warranty is before you, and has been read in your hearing. If the warranty had been expressed in such terms as would make it general and unconditional, you would have but one question to determine from the evidence, and that would be, was the negro unsound at the time she was sold? and was that unsoundness of a character to produce death, or greatly impair her usefulness and reduce her value? These are facts you must still find to be true before you can render a verdict for the plaintiff. As the bill of sale contains and expresses a clear and distinct reservation, you must also be satisfied, from the evidence, that the negro died of a disease or injury existing at the time of the sale, and disconnected from, and not at all the consequence of, the injury or disease excepted in the bill of sale. I know no difference between injury and disease, so far as this warranty is concerned. To determine what organs are connected with, and included in, the expression used, to wit, in and about the private parts, you must be governed by the explanation given by the medical gentlemen who have been examined in the case. If, then, you believe that the negro in question was diseased at the time of the sale, in a manner different from, and independent of, the injury excepted in the bill of sale, and that she died of that disease, you will find for the plaintiffs the amount of the purchase money by him paid with interest, and such damages as he has proven he sustained by reason of the illness of the negro. If, on the other hand, you believe that she was not so diseased at the

time of the sale; or that, being so, it was the result of, or consequent upon, the injury mentioned, you will find for the defendant."

Verdict and judgment for the defendant. The error in the charge, discussed in the opinion, was assigned as error for revision by this court.

*Moseley & Wilkinson*, for the plaintiffs in error.

*E. G. Benners*, for the defendant in error.

WHEELER, C. J.—We are of opinion that the court erred in charging the jury that there was no difference between injury and disease, as concerned the warranty then under consideration. By the charge, the court undertook to decide as matter of legal interpretation of the instrument, that the term injury was used therein in the sense of disease. That is not the necessary or ordinary meaning of the word, and there is nothing in the instrument to indicate that it was so understood or intended by the parties. From the parol evidence in the case, it would seem that it was not so understood by them. The injury referred to may have caused the disease of which the slave died; but that was a question to be decided by the jury from the evidence. It ought to have been left to them to decide, uninfluenced by such a charge, whether the disease of which the slave died existed at the time of the sale, and whether it was caused by or consequent upon the injury excepted out of the warranty in the bill of sale. We can not say that the jury were not misled by the error in the charge of the court; and are, therefore, of opinion that the judgment be reversed and the cause remanded.

Reversed and remanded.